UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
SOMPO JAPAN i/s/o ITOCHU            :
CHEMICALS AMERICA                   :          Civil Action No. 09-01002 (JAP)
                                    :
            Plaintiff,              :
                                    :
       v.                           :          **OPINION**
                                    :
A. DUIE PYLE, INC., et al.,         :
                                    :
            Defendants.             :
_____   ___:

PISANO, District Judge:

      Plaintiff Sompo Japan brought this insurance subrogation claim seeking damages in connection with the transport of a temperature-sensitive chemical from New Jersey to Vermont. The claim alleges that the temperature recording devices provided by the Plaintiff's insured were not properly affixed and activated to the product by Defendant Hermann Warehouse Corporation before shipping. It also alleges that Defendant A. Duie Pyle is liable under the Carmack Amendment to the Interstate Commerce Act for damages that occurred during shipment. Hermann Warehouse filed a Motion for Summary Judgment on August 25, 2011. A. Duie Pyle filed a Motion for Summary Judgment on August 26, 2011. A hearing on Defendants' Motions for Summary Judgment was held on December 1, 2011. The Court reserved decision on the Motions, and ordered the parties to report back to the Court to relay the status of settlement negotiations. It appearing to the Court that the party has failed to reach settlement, the Court now revisits the pending Motions for Summary Judgment.

## I. Summary Judgment Standard

A court shall grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must first show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Whether or not a fact is material is determined according to the substantive law at issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Celotex*, 477 U.S. at 324. The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## II. A. Duie Pyle's Motion for Summary Judgment

Defendant A. Duie Pyle has demonstrated that no genuine issue of material fact exists in the case against them, and that they are entitled to judgment as a matter of law. The Bill of Lading contains no reference to the use of temperature recorders, but rather directs the carrier, A. Duie Pyle, to "protect from freeze." Although an employee of the Plaintiff's insured reports that he felt cold air blowing into the trailer when it arrived at its destination, the product was reported to be in liquid form and the employee accepted the shipment. There is no dispute as to these facts and therefore the Plaintiff has failed to prove that the shipment was exposed to freezing temperatures, violating the special instruction on the Bill of Lading. Moreover, the Plaintiff has

made clear that, without the objective proof of temperature over the course of the entire journey that they provide, the shipment is considered damaged regardless of the actual temperature in the shipping container.  The temperature recorders can only be the subject of a dispute between Plaintiff and Hermann Warehouse, as any requirement to properly use that device was allocated between those two parties and does not appear in the Bill of Lading.  Thus, any damages that may have been inflicted by way of the temperature recorders occurred before the shipment was delivered to the carrier.  This makes the actual temperature during shipping irrelevant, since the damage occurred when the temperature recording devices were not properly activated.

The fact that the damage arose from the failure to use the temperature recorders and not the actual temperature in the shipping container also makes the Carmack Amendment inapplicable.  The first element of a claim under the Carmack Amendment is that the goods were delivered to the carrier in good condition.  *Conair Corp. v. Old Dominion Freight Line Inc.*, 22 F.3d 529, 531 (3d Cir. 1994) (citing 49 U.S.C. § 11707(a)(1)).  Where the only damage arose from the failure to use the temperature recorders, and this responsibility was allocated between the shipper and the warehouse, the Plaintiff cannot prove that the shipment was delivered to A. Duie Pyle in good condition.  Thus, A. Duie Pyle is entitled to judgment as a matter of law.

### III.     Hermann Warehouse's Motion for Summary Judgment

Defendant Hermann Warehouse, however, has failed to show that there is no genuine issue of material fact.  Rather, the briefs and oral argument demonstrated multiple factual disputes over what Plaintiff and Defendant employees knew and communicated with each other about how to operate the temperature recorders.  These factual disputes are relevant to the ultimate issue in the case: which party bore the ultimate responsibility for appropriately affixing

and activating the temperature recorders before the chemical was shipped.  Therefore, Defendant Hermann Warehouse's Motion for Summary Judgment must be denied.

### IV.     Conclusion

For the foregoing reasons, Defendant A. Duie Pyle has demonstrated that it is entitled to summary judgment, but fact issues remain as to the claims against Defendant Hermann Warehouse.  An appropriate Order follows.

/s/ Joel A. Pisano_____
JOEL A. PISANO
United States District Judge

Dated: April 30, 2012